# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10648
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 26, 2018

Lyle W. Cayce
Clerk

JAMES D. KONCAK; JUDI K. KONCAK,

Plaintiffs-Appellants

v.

DEUTSCHE BANK NATIONAL TRUST, as Trustee for GSAMP Trust 2006-FM2, Mortgage Pass-Through Certificates, Series 2006-FM2; OCWEN LOAN SERVICING, L.L.C.,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CV-1507

Before ELROD, GRAVES, and HO, Circuit Judges.

PER CURIAM:[*]

James and Judi Koncak move for leave to proceed in forma pauperis (IFP), challenging the district court's certification that their appeal is not taken in good faith for purposes of 28 U.S.C. § 1915(a). *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). According to the Koncaks, they have a nonfrivolous claim that the defendants' effort to foreclose on their home is barred by the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

statute of limitations.  They assert that the district court's dismissal of their complaint as barred by res judicata without resolving the statute of limitations issue leaves the door open to future litigation.  They contend that res judicata does not apply because their prior action against the same defendants involved a completely different fraud-based challenge to the foreclosure.

The Koncaks do not dispute that the previous action was dismissed on the merits by a court of competent jurisdiction, that the two cases involve the same parties, or that the statute of limitations claim could have been raised in the previous action.  Their argument that the two cases are unrelated is unpersuasive.  Both arose from the Koncaks' failure to meet the same loan obligation and their desire to prevent foreclosure on the same property.  In both cases, the Koncaks challenged the defendants' authority to enforce the lien through foreclosure.  The claims thus arise from the same subject matter, and the district court correctly determined that the instant action is barred by res judicata. *See Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996); *see also Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508-09 (2001) (holding that the forum state's law on res judicata applies in a diversity action unless incompatible with federal interests); *Norris v. Hearst Trust*, 500 F.3d 454, 461 (5th Cir. 2007) (recognizing that *Amstadt* provides the Texas rule on res judicata). To the extent that the Koncaks also argue that Rule 736.9 of the Texas Rules of Civil Procedure precludes the application of res judicata, their reliance on the rule is misplaced because the district court did not give preclusive effect to an expedited order of foreclosure.

For these reasons, we agree with the district court that the appeal lacks arguable merit and is not taken in good faith.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  The motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 201-02 & n.24; 5TH CIR. R. 42.2.